

ORDERED in the Southern District of Florida on January 7, 2015.

A. Jay Cristol, Judge
United States Bankruptcy Court

---

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:  Haydee Romero                    Case No: 14-36581-AJC
                                          Chapter 7

_____Debtor_____/

## ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY CITIBANK, N.A.

THIS CASE came to be heard on January 6, 2015 on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 13; the "Motion").

Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.   The value of the debtor's real property (the "Real Property") located at 469 N.W. 98th Court, Miami, Florida 33172, and more particularly described as

> Condominium Parcel designated as 469 NW 98 Court, located in Building 88, of East Wind Lake Village Condominium, a Condominium, according to the Declaration and the Exhibits annexed thereto, as recorded in Official Records book 9546 at Page 500, of the Public Records of Miami-Dade County, Florida.

is $ 111,530.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Citibank, N.A. (the "Lender") is $157,505.57.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of the Lender is $ 0.00 and the Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Lender has an allowed secured claim in the amount of $ 0.00.

3. Because the Lender's secured interest in the Real Property is $0.00, the Lender's lien recorded on November 17, 2006 at OR BOOK 25106 Pages 3238-3247 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 7 case. If this case is converted to a case under any other chapter or if the chapter 7 case is dismissed, the Lender's lien will no longer be considered void and shall be restored as a lien on the Real Property.

4. The Lender did not file a proof of claim in this case.

5. The Real Property may not be sold or refinanced without proper notice

and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 7 case.

### 

Submitted By:
Annie Hernandez, Esq.
Legal Services of Greater Miami, Inc.
3000 Biscayne Boulevard, Suite 500
Miami, Florida 33137
ahernandez@lsgmi.org


Attorney Annie Hernandez is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.